UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAUL R. SCHURMAN                                                                                          PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:12-CV-00023

REED ELSEVIER, INC.                                                                                      DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on the defendant's motion to compel arbitration of the plaintiff's claims and to dismiss or stay the action (DN 5). The plaintiff filed a response to that motion (DN 6) and the defendant filed a reply (DN 8). The plaintiff has also moved to file a sur-reply (DN 9), which the defendant opposes (DN 10). For the reasons stated herein, the plaintiff's motion to file a sur-reply will be granted and the defendant's motion to compel arbitration will be denied.

**I.**

The plaintiff, Paul R. Schurman, filed a complaint in Jefferson County, Kentucky, Circuit Court against the defendant, Reed Elsevier ("LexisNexis"), which owns LexisNexis. According to Schurman's complaint, in 1996 he purchased the internet domain address "www.kentucky-lawyer.com." In the fall of 2007, Schurman was the managing partner of the law firm Avery & Schurman, P.L.C., when a representative of LexisNexis contacted Schurman and offered to build a website for the law firm at any domain name chosen by the firm. LexisNexis would also provide the law firm a listing on "www.lawyers.com," a website for locating attorneys that LexisNexis owned. Schurman claimed that he decided to allow his law firm to use the domain

name "www.kentucky-lawyer.com" for the LexisNexis website. According to Schurman's complaint, he expected that the domain name would generate additional business to the law firm, which Schurman believed would increase the value of his license to use the domain name. Schurman hoped to then either renegotiate the license to use the domain name with the law firm or to sell the domain name to someone else.

In late 2007, the law firm reached an agreement with LexisNexis to build and maintain a website using that domain name, and the firm began paying LexisNexis in February 2008 for the creation and maintenance of the website. However, according to Schurman's complaint, the LexisNexis agreement did not generate sufficient business for the law firm, and the law firm ultimately opted not to continue with the agreement. Schurman alleges that, as a result of the lack of business generated by the agreement, he never received any payment for his license from the law firm.

Then, supposedly, sometime in the first half of 2011, Schurman discovered that the reason the website did not generate any business for the law firm was that LexisNexis had set up "www.kentucky-lawyer.com" to redirect web traffic to "www.lawyers.com," rather than to a website for the law firm. In other words, according to Schurman, LexisNexis and "www.lawyers.com" had "hijacked" the "www.kentucky-lawyer.com" domain name. Schurman alleged that the hijacking of the domain name violated his rights as a licensee of that domain name, and that, as a result of the violation, LexisNexis had received significant web traffic and revenue while Schurman had lost the opportunity to receive a financial benefit from the use of the domain name.

Schurman brought claims against LexisNexis for conversion, claiming that LexisNexis had stolen or exercised control over Schurman's domain name in a manner that deprived Schurman of the right to use and enjoy his license in that domain name, and for negligence, alleging that LexisNexis "failed to exercise reasonable care in using the domain www.kentucky-lawyer.com in conjunction with Avery & Schurman's website."

## II.

After LexisNexis removed to this court pursuant to its diversity jurisdiction, it filed a motion to compel arbitration and to either dismiss or stay the action. LexisNexis argued that Schurman's claims arose out of an August 7, 2008, agreement between the parties, and that contract contained a provision requiring that all claims arising from or in connection with the agreement be arbitrated.

Schurman contended in response that he was suing LexisNexis in his personal capacity, while he had signed the arbitration agreement solely as a representative for his law firm, Avery & Schurman. Schurman argued that he could not be compelled to arbitrate his claims since he was not a signatory to the agreement. Schurman also pointed out that the August 7, 2008, contract containing the arbitration provision was only a renewal contract which did not take effect until after the original contract entered into by LexisNexis and the law firm had expired. Schurman stated that his claims concerned actions that occurred before the renewal contract was signed. He thus argued that even if the contract between LexisNexis and the law firm could be enforced against him, arbitration could not be compelled unless LexisNexis could produce the original contract and show that it, too, had an arbitration provision.

In its reply papers, LexisNexis argued that Schurman should be compelled to arbitrate his claims against LexisNexis under an equitable estoppel theory. According to LexisNexis, Schurman, although a nonsignatory to the agreement, is bound by its arbitration provision because he seeks a "direct benefit" from the contract. With its reply papers, LexisNexis also provided the original contract between LexisNexis and Avery & Schurman, which, LexisNexis admitted, did not contain an arbitration provision. However, LexisNexis argued that the original contract was not relevant because the alleged damages Schurman suffered took place after the original contract had ended.

Schurman then moved to file a sur-reply. In his proposed sur-reply, Schurman reiterated his position that his claims arose during the term of the original contract, not the renewal contract, although he somewhat paradoxically also admits that, because discovery has not occurred yet, he cannot pin down the precise date the causes of action arose. Schurman also disputed that he is seeking a direct benefit from the contract. LexisNexis opposed Schurman's motion to file a sur-reply.

The court will grant the motion to file a sur-reply. LexisNexis advanced a different theory for compelling Schurman to arbitrate in its reply papers than it did in its initial papers, and also did not provide the original contract between itself and the law firm until it filed its reply papers. This court finds that it is appropriate to provide Schurman the opportunity to respond to LexisNexis's new argument and to address the newly-attached contract. Accordingly, Schurman's sur-reply will be deemed filed and has been considered by the court in rendering a decision on the motion to compel arbitration.

### III.

The Federal Arbitration Act provides that a written provision in "a contract evidencing a transaction involving commerce" to arbitrate disputes that "aris[e] out of such contract or transaction" is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The policy underlying the Federal Arbitration Act "is at bottom a policy guaranteeing the enforcement of private contractual arrangements." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). In determining a motion to compel arbitration under the Act, a district court must engage in the following analysis: 1) determine whether the parties agreed to arbitrate; 2) determine the scope of the agreement; 3) determine whether any statutory claims were intended by Congress to be nonarbitrable; and 4) if some, but not all, of the claims are arbitrable, determine whether to stay the remainder of the proceedings pending arbitration. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Those threshold questions–whether a litigant is bound to arbitrate and what issues it must arbitrate–are matters to be determined by the court on the basis of the parties' contract. *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986).

Here, Schurman has advanced two claims against LexisNexis, one for conversion and one for negligence. Schurman's claims are brought by him individually, rather than on behalf of his law firm. But, there is no contract between Schurman, individually, and LexisNexis. To be sure, Schurman signed an agreement with LexisNexis for the latter to develop a website for Schurman's law firm; however, he did so only as an agent for the law firm, not as an individual. LexisNexis, in its reply papers, seems to implicitly acknowledge this fact, insofar as it changed its theory for compelling arbitration in this case accordingly. LexisNexis had argued in its

opening papers that Schurman was required to arbitrate as a signatory to the agreement. But after receiving Schurman's response papers arguing that he was not a signatory, LexisNexis, in its reply papers, switched to an equitable estoppel theory for binding a nonsignatory to an arbitration provision of an agreement.

Having determined that Schurman, as an individual, did not enter into a contract with LexisNexis, we are left with the question of whether Schurman may nevertheless be compelled to arbitrate his claims against LexisNexis. The Sixth Circuit has recognized that "a nonsignatory may be bound to an arbitration agreement under an estoppel theory when the nonsignatory seeks a *direct* benefit from the contract while disavowing the arbitration provision." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003) (citing *Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 778-779 (2d Cir. 1995)). On the other hand, if only an indirect benefit is sought, the nonsignatory may not be compelled to arbitrate its claims. *Id.* Schurman alleges claims against LexisNexis for conversion and for negligence; the two claims will be discussed in turn.

Beginning with the conversion claim, this court finds that Schurman should not be compelled to arbitrate that claim. An examination of the contours of Schurman's conversion claim is helpful to a resolution of the motion. Schurman's conversion claim, at bottom, amounts to an allegation that LexisNexis had no right to use the domain name "www.kentucky-lawyer.com," but that it nevertheless "exercised control over the domain." In other words, according to Schurman, LexisNexis "stole[]" his domain name from him. The claim for conversion is thus not predicated on the issue of whether LexisNexis used the domain name in accordance with the contract between LexisNexis and the law firm, but on whether LexisNexis

had any right at all to use the domain name. That claim appears to be weak insofar as it relates to the duration of the contract between LexisNexis and the law firm, since Schurman alleges in his complaint that he had given the law firm the right to use the domain name during the contract and the law firm in turn had told LexisNexis to use the domain name to create the law firm's website. Nevertheless, regardless of the strength of the conversion claim, it simply is not a claim that LexisNexis did not act in accordance with the contract. Because Schurman cannot recover damages related to the lack of fulfillment of the contract for his conversion claim, he is not compelled to arbitrate that claim under the contract.

Turning to Schurman's second claim, for negligence, an exploration of its contours also aids the resolution of the motion. Schurman states that LexisNexis "failed to exercise reasonable care in using the domain www.kentucky-lawyer.com in conjunction with Avery & Schurman's website." Of course, for Schurman to go forward with a negligence claim against LexisNexis, he would have to show that LexisNexis owed him a duty, and that it breached that duty. Schurman does not state what duty LexisNexis owed him or how that duty was breached. But it is clear under Kentucky law that it cannot be the contract that created the duty, nor the failure to adequately perform under the contract that constitutes the breach. That is because Schurman has no standing to advance any claim under the contract. Under Kentucky law, privity of contract is required for a party to bring a lawsuit for the breach of that contract. *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (2004); *see Double C Entm't, Inc. v. Palace Theatre Operating Group, LLC*, 2011 WL 5903606 (W.D.Ky. Nov. 25, 2011). That rule extends to "an action for negligence which consists merely in the breach of the contract." *Presnell*, 134 S.W.2d at 579 (quoting *Penco, Inc. v. Detrex Chem. Indus., Inc.*, 672 S.W.2d 948, 951 (Ky. Ct.

App. 1984)). Since Schurman has no standing to assert a claim for negligence arising out of the contract, this court finds that the contract cannot be used to compel him to arbitrate that claim either.

In short, Schurman, as a nonsignatory to the contract, is not entitled to litigate the issue of the performance of the contract, nor can he recover damages for inadequate performance under the contract. That is true with respect to both his conversion and negligence claims. By the same token, though, since Schurman cannot claim the benefits of the contract in his personal action against LexisNexis, he will not be bound by that contract's arbitration clause.

## IV.

Schurman's motion to file a sur-reply will be granted. LexisNexis's motion to compel arbitration will be denied. A separate order will issue in accordance with this opinion.

June 27, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03